# SETTLEMENT AGREEMENT
# AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims ("Agreement") is entered into between [Employee], (hereinafter "Employee"), and Hat World, Inc. d/b/a Lids ("Employer"), collectively, the "Parties").

## RECITALS

1. Employee has alleged claims against Employer for violation of the Fair Labor Standards Act seeking alleged unpaid overtime compensation, liquidated damages, attorneys' fees and costs ("Subject Matter").

2. Employer denies any liability or wrongdoing of any kind.

3. The Parties agree that bona fide disputes exist between the Parties, including whether Employee was entitled to Employee's claimed overtime compensation under the FLSA.

4. The Parties, by and through their respective counsel, reached a binding agreement to settle Employee's claims and to resolve all disputes between them, on the terms set forth in this Agreement. Employee, through counsel, shall seek approval of this Agreement by filing a motion for approval in the [COURT] and the Employee's consent form – solely for the purpose of approval of the Agreement and for no other purpose. This Agreement is subject to approval by the Court. If the Court does not approve the Agreement, then the Agreement shall be unenforceable.

## SETTLEMENT PAYMENTS AND DISTRIBUTION

5. **Total Settlement Payment:** The Total Settlement Payment is [Total] including: (a) the Settlement payment to Employee (60% of the Total Settlement Payment); and (b) Employee's Counsel's fees and expenses (an amount not to exceed 40% of the Total Settlement Payment).

6. **Payment to Employee:** [Employee Payment] of the Total Settlement Payment will be paid to Employee, less withholding of all applicable federal, state and local taxes, in accordance with Employee's previously elected wage withholding instructions.

7. **Treatment of Employee's Settlement Payment:** Employee's settlement payment will be treated as payment in settlement of wage claims and shall be subject to the withholding of all applicable federal, state and local taxes, in accordance with Employee's previously elected wage withholding instructions. Employer will report the settlement payment on an IRS Form W-2. Employer is responsible for paying the employer's portion of the payroll taxes as required by law.

8. **Employee's Counsel's Fees and Costs:** [Fees] of the Total Settlement Payment will be paid to Employee's Counsel for attorneys' fees and expenses. Employee's Counsel will

1

provide a Form W-9 with respect to the attorneys' fees and expenses, and Employer will issue to Employee's Counsel a Form 1099.  If the Court approves the Employee's Counsel's Fees and Costs in an amount less than Employee requests in this Agreement, it shall not impact the Agreement in any other respect.

9.  **Distribution Process:** Employer will mail the Total Settlement Payment to Employee's Counsel, Robert B. Kapitan at the Lazzaro Law Firm, LLC located at The Heritage Building, Suite 250, 34555Chagrin Boulevard in Moreland Hills, Ohio 44022, within thirty-five (35) days following the Court's approval of the .  Separate checks will be issued to Employee and Employee's Counsel.  Employee's Counsel will advise Employer of the amounts payable to each firm.  Employee's Counsel will distribute Employee's check to Employee.

## RELEASE OF CLAIMS

10.  **Release of Claims:**  Employee on behalf of [herself/himself] and their respective agents, representatives, predecessors, successors, and assigns ("Releasing Parties") hereby fully, finally and forever release, relinquish and discharge Employer and Genesco, Inc., and each of their respective present and former parent companies, subsidiaries, divisions, co-divisions, related companies, affiliates, contractors, officers, partners, directors, members, servants, employees, agents, attorneys, insurers, predecessors, representatives, accountants, past, present, and future successors and assigns, and all persons acting under, by, through, or in concert with any of them ("Released Parties") from all federal, state, and local wage-and-hour claims, rights, demands, liabilities and causes of action, including but not limited to claims for unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorneys' fees, and expenses, pursuant to the Fair Labor Standards Act through the date of this Agreement.

11.  **Acknowledgment of Full Payment:** Employee agrees that the Total Settlement Payment represents any and all back pay, severance pay, wages (whether overtime or otherwise), bonuses, vacation pay, front pay, damages (whether liquidated, compensatory, exemplary, punitive or otherwise), benefits, attorneys' fees, costs, interest, or other monies to which Employee may have been entitled to receive or recover in connection with Employee's employment with Employer.  Employee acknowledges and agrees that the payments offered to her under the terms of this Agreement represent good and valuable consideration to which she would not otherwise be entitled.  None of the amounts paid to the Employee shall create any credit for, be included in, or otherwise affect the calculation or the accrual of any employee benefits in any plans, programs, agreements or policies sponsored, maintained or contributed to by Employer or Released Parties, including for purposes of any bonus of any kind.

12.  **Fair, Adequate and Reasonable Settlement**: The Parties agree that the settlement is fair, adequate and reasonable, and that the above payments constitute a fair and reasonable resolution of a bona fide dispute.

13.  **No Future Lawsuits:** Employee promises never to file a lawsuit, administrative complaint, demand, action, or otherwise assert any claims against Employer referenced in paragraph 10 of this Agreement.

## OTHER TERMS

14. **Confidentiality**. The Parties agree that, other than as necessary for seeking Court approval of the settlement, they shall keep confidential the terms of this Agreement, and that they shall not disclose any matters herein, including, but not limited to, the content of any and all settlement negotiations leading up to this Agreement or the terms hereof. Pursuant to the terms of this paragraph, the Parties hereto may disclose the information contained in this Agreement to their spouse, professional tax advisors, and to their private attorneys, if any, who will agree to be bound by this confidentiality agreement. Additionally, either Party may disclose the terms of this Agreement if compelled to do so by lawful legal process. However, in the event a party is served with legal process seeking to compel the disclosure of this Agreement, the party agrees immediately to advise the other party of that fact prior to disclosing this Release Agreement.

15. **Neutral Reference:** Upon request from prospective employers of Employee, Employer agrees to provide a neutral reference, confirming the fact of Employee's former employment, starting and ending dates of employment, and former job titles.

16. **No Assignment of Claims:** Employee represents and warrants that Employee is the sole and lawful owners of all rights, titles and interests in and to all released matters, claims and demands referred to herein. Employee further represents and warrants that there have been no assignments or other transfers of any interest in any such matters, claims or demands that Employee may have against the Employer.

17. **Breach:** If either Party breaches any of the terms and conditions of this Agreement, the non-breaching Party shall be entitled to reasonable attorneys' fees and expenses incurred to enforce the terms and conditions contained herein.

18. **Non-Admission of Liability:** Employee acknowledges and agrees that the Employer's participation in this Agreement is not to be construed as an admission of any wrongdoing or liability whatsoever by or on behalf of the Employer. Other than for the purpose of enforcing the Agreement, this Agreement and the existence of the Agreement shall not be admissible for any purpose in any forum.

198. **Choice of Law:** The Parties also agree that this Agreement shall be interpreted, construed, and enforced in accordance with the laws of the State of Ohio without regard to its conflicts of law rules.

20. **Acknowledgements:** Employee acknowledges Employee has been represented by counsel for the negotiation and settlement of this matter, and that Employee understands the terms of this Agreement, and is knowingly and voluntarily entering into it.

21. **Construction:** The Parties expressly agree and acknowledge that this Agreement is not to be construed against any of the Parties on the basis of which party drafted the Agreement.

22. **No Representations**: The Parties acknowledge that no representation, promise or inducement has been made to them other than as set forth in this Agreement, and that they enter into this Agreement without reliance upon any other representation, promise, or inducement not set forth herein. The Parties also acknowledge that they had the opportunity to consult with an attorney of their choosing concerning this Agreement and that they have read and understand this Agreement, are fully aware of its legal effect, and have entered into it knowingly and voluntarily.

23. **Counterparts:** This Agreement may be executed in counterparts, and may be signed electronically via eSign. When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties. Electronic and facsimile transmissions of this Agreement shall be deemed originals.

24. **Severability:** The Parties agree that the terms of this Agreement are intended to be severable. If any term, provision, clause or item of this Agreement is declared to be invalid or unenforceable by any court or administrative body of competent jurisdiction, the term, provision, clause or item should be reformed (if possible, or severed if not) to give maximum effect to the intentions of the Parties, and the remaining portions of the Agreement shall be enforced to give effect to the Parties' intentions to the maximum extent possible.

25. **Entire Agreement:** The Parties agree that this Agreement is the entire Agreement between them and represent their full and complete understanding. No prior or contemporaneous oral agreements may be offered to alter the terms of this Agreement. This Agreement shall be binding upon the Parties hereto and the Parties' heirs, executors, successors and assigns. This Agreement may not be amended, modified or terminated, in whole or in part, except by a written instrument executed by the Parties.

**WHEREFORE, the undersigned assert that they have read the foregoing Settlement Agreement and Release of Claims and declare that they have consulted with counsel and fully understand this Agreement and its legal significance and voluntarily sign it below to signify their agreement with its terms.**

Date: _____ _____
[Employee]

Date: _____ Hat World, Inc.

By: _____

Its: _____

Case 1:20-cv-02463-MPB-JRS Document 1-1 Filed 04/21/20 Page 5 of 5 PageID #: 18