## STIPULATION OF SETTLEMENT

Employee, Matt Rafferty, on behalf of himself and the others identified in attached **Exhibit A** (collectively the "Employees"), and Hat World, Inc. ("Employer"), stipulate to entry of an Order approving this Stipulation of Settlement (the "Stipulation").

## RECITALS

1. Whereas, the Employees have alleged claims against Employer for violation of the Fair Labor Standards Act seeking alleged unpaid overtime compensation, liquidated damages, attorneys' fees and costs.

2. Whereas, Employer denies any liability or wrongdoing of any kind.

3. Whereas, the Parties agree that bona fide disputes exist between the Parties, including whether Employees were entitled to the claimed overtime compensation and related amounts under the FLSA.

4. Whereas, the Parties, by and through their respective counsel, reached a binding agreement to settle Employee's claims and to resolve all disputes between them, on the terms set forth in this Stipulation.

## SETTLEMENT PAYMENTS AND DISTRIBUTION

5. **Total Settlement Payment:** The Total Potential Settlement Payment will not exceed one-hundred thousand dollars ($100,000), which total includes: (a) the total Individual Settlement Payments to the Employees; and (b) the Employees' Counsel's fees and expenses.

6. **Employee's Individual Settlement Payment:** Each Employee's "Individual Settlement Payment" is reflected on the schedule attached hereto as **Exhibit A** and will be paid in accordance with that schedule, provided each Employee timely returns a valid signed copy of the Release to Employer. The deadline for return of the Releases and shall be 120 days from the entry of an Order approving this Stipulation. It shall be solely Employees' Counsel's responsibility to inform each Employee of this settlement. Employees' Counsel represents and warrants that they represent each of the Employees.

7. **Treatment of Employee's Settlement Payment:** Each Employee's Individual Settlement Payment will be treated as payment in settlement of wage claims and shall be subject to the withholding of all applicable federal, state and local taxes, in accordance with the Employee's previously elected wage withholding instructions last on file with Employer. Employer will report the settlement payment on an IRS Form W-2. Employer is responsible for paying the employer's portion of the payroll taxes as required by law. Employer and Employer's Counsel do not make any representations to Employees about Employees' tax obligations relating to this Stipulation. Employees' Individual Settlement Payment shall be transmitted via a check made payable to each Employee who satisfies the requirements of this Stipulation, which check

shall be sent via mail to "The Lazzaro Law Office, LLC, c/o Robert B. Kapitan at The Heritage Building, Suite 250 located at 34555 Chagrin Boulevard in Moreland Hills, Ohio 44022."

8.      **Employee's Counsel's Fees and Costs:** For each Employee who timely returns a valid signed copy of the Release to Employer and files a Consent Form, Employer shall pay Employees' Counsel the amount listed in the column headed "Atty Fees" on the schedule attached as **Exhibit A**. The amounts in the "Atty Fees" column represent Employees' Counsel's fees and cost associated with each Employee's claim. Employees' Counsel will provide a Form W-9 to Employer as a condition of payment of any of these amounts. Employer will issue to Employees' Counsel a Form 1099. Employees' Counsel shall not receive any payments other than the fees and costs specified in **Exhibit A** for each Employee who timely returns a valid signed copy of the Release to Employer. Employee's Counsel's Fees and Costs shall be in one check made payable to "The Lazzaro Law Firm, LLC" and mailed to "The Lazzaro Law Office, LLC, c/o Robert B. Kapitan at The Heritage Building, Suite 250 located at 34555 Chagrin Boulevard in Moreland Hills, Ohio 44022.

9.      **Distribution Process:** Employer will mail settlement payments to Employees' Counsel within thirty (30) days after (a) the date Employer receives a valid signed copy of the Consent and Release from Employee, and (b) the date that the Employee files the Consent and Release, whichever is later. Separate checks will be issued to Employees and Employee's Counsel. Employees' Counsel represents and warrants that it will distribute each Employee's check to that Employee. Employer may aggregate amounts owed to Employee's Counsel as Atty Fees in a single check, rather than multiple checks.

## RELEASE OF CLAIMS

10.     **Release of Claims:** A valid, signed release of claims from each Employee is a material term of the Parties' Stipulation. Before any of the Employees may receive their respective Individual Settlement Payment and before Employees' Counsel may receive any portion of the payment attributed to fees and costs for any of the Employees, each Employee must sign and return to Employer a copy of the Consent and Release attached here as **Exhibit B**, which provides, in pertinent part:

> By joining in this action to approve a settlement, I hereby release Hat World, Inc., together with all of Hat World, Inc., former, current and respective officers, directors, agents, attorneys, parents (including, but not limited to Genesco, Inc.), predecessors, successors, owners, shareholders, parents, subsidiaries, and related and affiliated entities ("Released Parties"), from all federal, state, and local claims relating to compensation, rights, demands, liabilities and causes of action, including but not limited to, claims for unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorneys' fees, and expenses, including claims arising out of or related to the Fair Labor Standards Act, from the beginning of time through the date I sign this Release.

I agree that the Individual Settlement Payment and the amounts allocated to fees and costs represent any and all back pay, severance pay, wages (whether overtime or otherwise), bonuses, vacation pay, front pay, damages (whether liquidated, compensatory, exemplary, punitive or otherwise), benefits, attorneys' fees, costs, interest, or other monies to which I may have been entitled to receive or recover in connection with each my employment with Hat World. I acknowledge and agree that the payments offered to me under the terms of the Stipulation of Settlement represents good and valuable consideration to which I would not otherwise be entitled.

11. **Acknowledgment of Full Payment:** Employees and Employees' Counsel agree that each Employee's Individual Settlement Payment and the amounts allocated to fees and costs represent any and all back pay, severance pay, wages (whether overtime or otherwise), bonuses, vacation pay, front pay, damages (whether liquidated, compensatory, exemplary, punitive or otherwise), benefits, attorneys' fees, costs, interest, or other monies to which Employee may have been entitled to receive or recover in connection with each Employee's employment with Employer. Employees acknowledges and agrees that the payments offered to them under the terms of this Stipulation represent good and valuable consideration to which they would not otherwise be entitled.

12. **Fair, Adequate and Reasonable Settlement:** The Parties agree that the settlement is fair, adequate and reasonable, and that the above payments constitute a fair and reasonable resolution of a bona fide dispute.

13. **Dismissal of Action and No Future Lawsuits:** Employees promise never to file a lawsuit, administrative complaint, demand, action, or otherwise assert any claims against Employer released pursuant to this Stipulation. This Action shall remain open for 120 days from the entry of an Order approving this Settlement Stipulation, solely for the purpose of allowing the filing of Consent and Releases, after which time the Action shall be closed and dismissed with prejudice.

**OTHER TERMS**

14. **Neutral Reference:** Upon request from prospective employers of any of the Employees, Employer agrees to provide a neutral reference, confirming the fact of the Employee's former employment, starting and ending dates of employment, and former job titles.

15. **No Assignment of Claims:** Employees and their Counsel represent and warrant that Employees are the sole and lawful owners of all rights, titles and interests in and to all released matters, claims and demands referred to herein. Employees further represent and warrant that there have been no assignments or other transfers of any interest in any such matters, claims or demands that Employees may have against the Employer.

16. **Breach:** If either Party breaches any of the terms and conditions of this Stipulation, the non-breaching Party shall be entitled to reasonable attorneys' fees and expenses incurred to

enforce the terms and conditions contained herein.

17. **Non-Admission of Liability:** Employees acknowledge and agree that the Employer's participation in this Stipulation, the Parties' settlement, and any payments made by Employer are not to be construed as an admission of any wrongdoing or liability whatsoever by or on behalf of the Employer or any released party.

18. **Choice of Law:** The Parties also agree that this Stipulation shall be interpreted, construed, and enforced in accordance with the laws of the State of Ohio without regard to its conflicts of law rules.

19. **Acknowledgements:** Employee acknowledges Employee has been represented by counsel for the negotiation and settlement of this matter, and that Employee understands the terms of this Stipulation, and is knowingly and voluntarily entering into it.

20. **Construction:** The Parties expressly agree and acknowledge that this Stipulation is not to be construed against any of the Parties on the basis of which party drafted the Stipulation.

21. **No Representations**: The Parties acknowledge that no representation, promise or inducement has been made to them other than as set forth in this Stipulation, and that they enter into this Stipulation without reliance upon any other representation, promise, or inducement not set forth herein. The Parties also acknowledge that they had the opportunity to consult with an attorney of their choosing concerning this Stipulation and that they have read and understand this Stipulation, are fully aware of its legal effect, and have entered into it knowingly and voluntarily.

22. **Counterparts:** This Stipulation may be executed in counterparts, and may be signed electronically via eSign or other electronic means. When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Stipulation and agreement, which shall be binding upon and effective as to all Parties. Electronic and facsimile signatures and transmissions of this Stipulation shall be deemed originals.

23. **Severability:** The Parties agree that the terms of this Stipulation are intended to be severable. If any term, provision, clause or item of this Stipulation is declared to be invalid or unenforceable by any court or administrative body of competent jurisdiction, the term, provision, clause or item should be reformed (if possible, or severed if not) to give maximum effect to the intentions of the Parties, and the remaining portions of the Stipulation shall be enforced to give effect to the Parties' intentions to the maximum extent possible.

24. **Entire Agreement:** The Parties agree that the Stipulation is the entire agreement between them and represent their full and complete understanding. No prior or contemporaneous oral agreements may be offered to alter the terms of this Stipulation. The Stipulation shall be binding upon the Parties hereto and the Parties' heirs, executors, successors and assigns. The Stipulation may not be amended, modified or terminated, in whole or in part, except by a written instrument executed by the Parties. Employees may not assign this Stipulation without the written consent of Employer. Employer may assign this Stipulation without consent.

WHEREFORE, the Parties, through their respective undersigned counsel, respectfully request that the Court enter an Order finding that the Settlement Agreement is fair and reasonable, the release is valid and binding, and approving the Settlement Agreement.

Respectfully submitted,

**Matt Rafferty, on behalf of himself and the others identified in attached Exhibit A**

Date: _____ _____

                          Robert B. Kapitan
                          Anthony J. Lazzaro
                          THE LAZZARO LAW FIRM, LLC
                          The Heritage Building, Suite 250
                          34555 Chagrin Boulevard
                          Moreland Hills, Ohio  44022
                          robert@lazzarolawfirm.com
                          anthony@lazzarolawfirm.com

                          Patrick Kasson
                          REMINGER CO., L.P.A.
                          200 Civic Center Drive, Suite 800
                          Columbus, Ohio  43215
                          pkasson@reminger.com

**Hat World, Inc.**

Date: _____ _____

                          Joel Griswold
                          BAKER HOSTETLER, LLP
                          200 South Orange Ave., Suite 2300
                          Orlando, Florida  32801
                          jcgriswold@bakerlaw.com