PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MATT RAFFERTY, *et al.*, | ) | CASE NO. 5:20-CV-857 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| HAT WORLD, INC., | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendant. | ) | **ORDER** |

Pursuant to its discussion of this case with the parties at the Case Management Conference, the Court transfers this case to the United States District Court for the Southern District of Indiana. *See* Minutes of proceedings [non-document], September 23, 2020. Plaintiffs filed their Petition for Approval of Arbitration Settlement on April 21, 2020. ECF No. 1. The Petition, which is devoid of any allegations regarding subject matter jurisdiction or venue, indicates that the parties seek court approval of their settlement of a collective action brought under the Fair Labor Standards Act ("FLSA"). *Id.* at PageID #: 1. The underlying action was originally filed in the Southern District of Ohio, and was transferred to the United States District Court for the Southern District of Indiana. *Id.* at PageID #: 2; *see also Shumate v. Genesco, Inc.*, 1:17-CV-03574, ECF No. 4 (S.D. Ind. Mar. 15, 2017). Because the Court is skeptical of the propriety of reviewing the settlement of a case that was never on its docket, the Court transfers the instant matter to the Southern District of Indiana, as well.

The Court has authority under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, [to] transfer any civil action to any other district or division

(5:20-CV-857)

where it might have been brought." The language of § 1404(a) indicates that the Court has broad discretion to decide whether a case should be transferred. *See Mead Data Ctr., Inc. v. West Publ'g Co.*, 679 F. Supp. 1455, 1465 (S.D. Ohio 1987) (citing *Norwood v. Kirkpatrick*, 349 U.S. 29 (1955)). "Before a transfer under § 1404(a) may be considered, it must first be established that the action could have been brought in the proposed transferee district court." *Id.* at 1457. As explained below, this action not only could have been brought in the Southern District of Indiana, but potentially *must* have been brought there. The Court transfers pursuant to § 1404 and not § 1406, however, because the problem with bringing the case here is substantive, rather than a lack of compliance with § 1391.

Courts in the Sixth Circuit, and indeed in this district, regularly review private settlements of FLSA actions—at least, they do when the court also presided over the underlying FLSA action. *See, e.g.*, *Schneider v. Goodyear Tire & Rubber Co.*, No. 5:13-CV-2741, 2014 WL 2579637, at *1 (N.D. Ohio June 9, 2014). *Schneider* is particularly instructive, in fact, because it provides that "[t]he provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement." *Id.* (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982)). *Lynn's Food Stores* is the leading case on FLSA settlements; it tells us what those two circumstances are:

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. An employee who accepts such a payment supervised by the Secretary thereby waives his right to bring suit for both the unpaid wages and for liquidated damages, provided the employer pays in full the back wages. The

(5:20-CV-857)

> only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

679 F.2d at 1352-53. The problem here is that Plaintiffs' Petition is not "in the context of [a] suit[] brought directly by employees against their employer." *Id.* Rather, the Petition amounts to a free-floating motion, not an actual case. Indeed, the Court is concerned about the Petition's justiciability under Article III of the Constitution, which gives federal courts the authority to adjudicate "cases" or "controversies;" this appears to be neither.

The parties, therefore, need to have an open FLSA case before they can ask the court presiding over that case to review their settlement. Plaintiffs were dismissed from the underlying case in the Southern District of Indiana without prejudice. *Shumate v. Genesco, Inc.*, 1:17-CV-03574, ECF No. 156 (S.D. Ind. Mar. 15, 2017). That means the parties have two options: file a new complaint, or ask the court that presided over the underlying case to reopen it and review their settlement. The parties indicated at the Case Management Conference that they prefer the latter option. *See* Minutes of proceedings [non-document], September 23, 2020. Hence, the Court transfers this case to the United States District Court for the Southern District of Indiana.

IT IS SO ORDERED.

  September 24, 2020  
Date

 */s/ Benita Y. Pearson*  
Benita Y. Pearson  
United States District Judge